UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LATESIA ANN REED,

    Plaintiff,

v.                                                    Case No. 8:20-cv-1670-CPT

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,[1]

    Defendant.
_____/

**O R D E R**

The Plaintiff seeks judicial review of the Commissioner's denial of her claims for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). For the reasons discussed below, the Commissioner's decision is reversed, and the case is remanded.

I.

The Plaintiff was born in 1969, earned her GED, and has past relevant work experience as a hospital cleaner and an order picker/store laborer. (R. 792, 814, 891). The Plaintiff applied for DIB and SSI in September 2013, alleging disability as of

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Federal Rule of Civil Procedure 25(d), Ms. Kijakazi is substituted for Commissioner Andrew M. Saul as the Defendant in this suit.

1

August 2013 due to problems with her back, knees, thyroid, eyes, and insomnia. (R. 204–09, 253). The Social Security Administration denied the Plaintiff's applications both initially and on reconsideration.

At the Plaintiff's request, an Administrative Law Judge (ALJ) conducted a hearing on the matter in July 2015. (R. 52–78). The Plaintiff was represented by counsel at that hearing and testified on her own behalf. (R. 56–69). A vocational expert (VE) also testified. (R. 69–77).

In September 2015, the ALJ issued a decision in which he found the Plaintiff was not disabled. (R. 833–45). That decision was reversed on appeal, however, with the instruction that—on remand—the ALJ reevaluate the Plaintiff's visual limitations and conduct any further proceedings as necessary. (R. 927–36).

Meanwhile, in March 2017, the Plaintiff filed additional applications for DIB and SSI. (R. 778, 1075–80). At the direction of the Appeals Council, the ALJ consolidated these later applications with the earlier ones, associated the evidence, and conducted a hearing on the combined applications in February 2019. (R. 808–29, 1022). At that hearing, the Plaintiff was again represented by counsel and again testified on her own behalf. (R. 813–20). A VE also testified. (R. 820–29).

In April 2019, the ALJ issued a second decision in which he found that the Plaintiff: (1) met the insured status requirements through December 31, 2018, and had not engaged in substantial gainful activity since her alleged onset date of August 2013; (2) had the severe impairments of anxiety, depression, hypothyroidism, degenerative disc disease, degenerative joint disease, and blindness in her left eye; (3) did not,

however, have an impairment or combination of impairments that met or medically equaled the severity of any of the listed impairments; (4) had the residual functional capacity (RFC) to perform light work with certain limitations, including—of relevance here—that she could only stand or walk for approximately six hours out of an eight-hour day;[2] and (5) based on the VE's testimony, could not engage in her past relevant work but was capable of making a successful adjustment to other jobs that exist in significant numbers in the national economy. (R. 778–93). In light of these findings, the ALJ concluded that the Plaintiff was not disabled. (R. 793).

The Appeals Council denied the Plaintiff's request for review. (R. 766–68). Accordingly, the ALJ's decision became the final decision of the Commissioner.

II.

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 20 C.F.R. §§ 404.1505(a), 416.905(a).[3] A physical or mental impairment under the Act "results from anatomical, physiological, or psychological abnormalities which are

---

[2] The other restrictions imposed by the ALJ included that the Plaintiff could only sit for approximately six hours out of an eight-hour day with normal breaks, and was limited to unskilled work, with only occasional interaction with the public and supervisors and occasional changes in her work setting. (R.782–83).
[3] Unless otherwise indicated, citations to the Code of Federal Regulations are to the version in effect at the time of the ALJ's decision.

demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

To determine whether a claimant is disabled, the Social Security Regulations (Regulations) prescribe "a five-step, sequential evaluation process." *Carter v. Comm'r of Soc. Sec.*, 726 F. App'x 737, 739 (11th Cir. 2018) (per curiam) (citing 20 C.F.R. § 404.1520(a)(4)).[4] Under this process, an ALJ must assess whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) has the RFC to engage in her past relevant work; and (5) can perform other jobs in the national economy given her RFC, age, education, and work experience. *Id.* (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). Although the claimant has the burden of proof through step four, the burden temporarily shifts to the Commissioner at step five. *Goode v. Comm'r of Soc. Sec.*, 966 F.3d 1277, 1279 (11th Cir. 2020) (quoting *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987)); *Sampson v. Comm'r of Soc. Sec.*, 694 F. App'x 727, 734 (11th Cir. 2017) (per curiam) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). If the Commissioner carries that burden, the claimant must then prove that she cannot engage in the work identified by the Commissioner. *Goode*, 966 F.3d at 1279. In the end, "the overall burden of demonstrating the existence of a disability . . . rests with the claimant." *Washington v. Comm'r of Soc. Sec.*,

---

[4] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

906 F.3d 1353, 1359 (11th Cir. 2018) (quoting *Doughty v. Apfel*, 245 F.3d 1274, 1280 (11th Cir. 2001)).

A claimant who does not prevail at the administrative level may seek judicial review in federal court provided the Commissioner has issued a final decision on the matter after a hearing. 42 U.S.C. § 405(g). Judicial review is limited to determining whether the Commissioner applied the proper legal standards and whether the decision is supported by substantial evidence. *Id.*; *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1305 n.2 (11th Cir. 2018) (per curiam) (citation omitted). Substantial evidence is "more than a mere scintilla" and is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. ___, 139 S. Ct. 1148, 1154 (2019) (citations and quotations omitted). In evaluating whether substantial evidence supports the Commissioner's decision, the Court "may not decide the facts anew, make credibility determinations, or re-weigh the evidence." *Carter*, 726 F. App'x at 739 (citing *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005)). "[W]hile the court [accords] deference to the [Commissioner's] factual findings, no such deference is given to [her] legal conclusions." *Keel-Desensi v. Berryhill*, 2019 WL 1417326, at *2 (M.D. Fla. Mar. 29, 2019) (citing *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994)).

### III.

The Plaintiff's sole challenge on appeal is that the ALJ erred by adopting a stand/walk restriction recommended by one state agency consulting physician over that recommended by another, even though the ALJ assigned "great weight" to the

broader opinions offered by both physicians regarding the Plaintiff's RFC, among other issues. (Doc. 20 at 6–10). The Commissioner counters that the ALJ properly applied the governing legal principles and that his decision is adequately buttressed by the record. *Id.* at 10–18. After a thorough review of the pertinent evidence and the parties' submissions, the Court finds that reversal and remand are warranted.

As noted above, at step four of the sequential evaluation process, the ALJ must determine the claimant's RFC and her ability to perform her past relevant work. *See* 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545. To do so, an ALJ "must consider all medical opinions in a claimant's case record, together with other relevant evidence." *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 962 (11th Cir. 2015) (per curiam) (citing 20 C.F.R. § 404.1527(b)); *see Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987) (stating that the "ALJ must consider the applicant's medical condition taken as a whole").

Medical opinions are statements from physicians or other acceptable medical sources "'that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite [her] impairment(s), and [the claimant's] physical or mental restrictions.'" *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178–79 (11th Cir. 2011) (quoting 20 C.F.R. §§ 404.1527(a)(2)), 416.927(a)(1)). In weighing a medical opinion, an ALJ must take into account: (1) whether the physician has examined the claimant; (2) the length, nature, and extent of the physician's relationship with the claimant; (3) the medical evidence and explanation supporting

6

the physician's opinion; (4) the degree to which the physician's opinion is consistent with the record as a whole; and (5) the physician's area of specialization. 20 C.F.R. §§ 404.1527(c), 416.927(c); *see also Hand v. Soc. Sec. Admin., Comm'r*, 786 F. App'x 220, 224 (11th Cir. 2019) (noting that these factors apply regardless of the type of physician at issue).[5] While an ALJ is required to consider each of these factors, he is not obligated to address them explicitly in his decision. *Lawton*, 431 F. App'x at 833.

The Regulations set forth three tiers of medical opinions: (1) treating physicians; (2) non-treating, examining physicians; and (3) non-treating, non-examining physicians. *Himes v. Comm'r of Soc. Sec.*, 585 F. App'x 758, 762 (11th Cir. 2014) (per curiam) (citing 20 C.F.R. §§ 404.1527(a)(2), (c)(1)–(2); *id.* at § 416.927(c)(1)-(2)). Treating physicians' opinions are accorded the most weight because there is a greater likelihood that these healthcare providers will "be able to give a more complete picture of the [claimant's] health history." *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1259 (11th Cir. 2019) (per curiam) (citing 20 C.F.R. § 404.1527(c)(2)). The opinion of a one-time examining physician, on the other hand, is afforded to less weight, *Crawford*, 363 F.3d at 1160 (citing *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987)), and the opinion of a non-examining physician is generally entitled to the least deference. *Huntley v. Soc. Sec. Admin., Comm'r*, 683 F. App'x 830, 832 (11th Cir. 2017) (per

---

[5] Although the regulations governing an ALJ's assessment of opinion evidence were amended effective March 27, 2017, the new regulations only apply to applications filed on or after that date. *See* 20 C.F.R. §§ 404.1520c, 416.920c. Here, because the Plaintiff submitted her first DIB and SSI claims in 2013 and her second on March 17, 2017 (R. 778), the old regulations apply. Neither party contends otherwise. *See* (Doc. 20 at 12, n.2).

curiam). In the end, an ALJ "is free to reject the opinion of *any* physician when the evidence supports a contrary conclusion." *Id.* (citing *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985)); *accord Sharfarz*, 825 F.2d at 280 ("Of course, the ALJ may reject any medical opinion if the evidence supports a contrary finding.") (citation omitted).

State agency medical consultants—like the two at issue here—are considered experts in the Social Security disability evaluation process. 20 C.F.R. §§ 404.1527(e), 404.1513a(b)(1); *id.* at §§ 416.927(e), 416.913a(b). Accordingly, the ALJ must treat such consultant's findings of fact regarding the nature and severity of a claimant's impairments as expert opinion evidence. *Id.*; *accord* Social Security Ruling (SSR) 96-6p, 1996 WL 374180, at *2 (S.S.A. July 2, 1996).

Irrespective of the type of physician at issue, an ALJ must identify with particularity the weight given to the physician's opinion and the reasons therefore so that courts can engage in meaningful review on appeal. *Hand v. Soc. Sec. Admin., Comm'r*, 786 F. App'x 220, 224 (11th Cir. 2019) (quoting *Winschel*, 631 F.3d at 1179). In other words, the ALJ must set forth with "'at least some measure of clarity the grounds" for his decision. *Id*. (quoting *Winschel*, 631 F.3d at 1179 (internal quotation marks omitted)). The Eleventh Circuit has cautioned in this regard that it "will decline to affirm simply because some rationale might have supported the ALJ's conclusion." *Id*. That said, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision" enables the district court "to conclude that the ALJ considered [the claimant's] medical condition as a

8

whole." *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (internal quotation marks and alterations omitted).

The crux of the Plaintiff's argument here is that the ALJ failed to adequately explain his reasons for choosing between the differing evaluations of the Plaintiff's ability to stand or walk provided by state agency physicians, Dr. Edmund Molis and Dr. Steven Arkin. Dr. Molis issued a report in November 2017 titled "Disability Determination Explanation," in which he offered his opinions regarding a number of issues pertaining to the Plaintiff, including her "physical residual functional capacity" and her visual capabilities. (R. 891-909). Among other findings in the former category, Dr. Molis stated that the Plaintiff could "[s]tand and/or walk (with normal breaks) for a total of" 2 hours in an 8-hour workday. (R. 902).[6]

Dr. Arkin completed a similar report in February 2018 titled "physical residual functional capacity assessment," in which he also set forth his medical judgments relative to the Plaintiff's exertional restrictions and eyesight, among other topics. (R. 1647-54). Unlike Dr. Moils, however, Dr. Arkin determined with respect to the Plaintiff's exertional restrictions that she could "[s]tand and/or walk (with normal breaks)" for a total of "about 6 hours in an 8-hour workday." (R. 1648).[7]

In reviewing these two reports at step four, the ALJ stated:

> The undersigned affords great weight to the conclusions of Dr. Molis and Dr. Arkin[ ]. Dr. Molis and Dr. Arkin reviewed all the available evidence. Both cited to medical findings in making [their] determination.

---

[6] Dr. Molis's evaluation of the Plaintiff's vision included that she had diminished depth perception in her right eye, as well as a reduced field of vision in her left. (R. 902–03).
[7] Dr. Arkin opined that the Plaintiff's eyesight was limited. (R. 1648, 1650).

9

> Further, there are no more restrictive opinions of record. However, the undersigned deviated regarding Dr. Molis and Dr. Arkin['s] findings in [regard to] visual limitations. At [the] hearing, the [Plaintiff] testified that she only has problems reading fine print. Additionally, the claimant's activities suggest no need for greater visual limitations.

(R. 791) (citations omitted). Ultimately, without any further explanation, the ALJ found that the Plaintiff could stand or walk for approximately six hours out of an eight-hour day, thus appearing to adopt Dr. Arkin's stand/walk assessment. (R. 782).

After careful review, the Court agrees with the Plaintiff that the ALJ's decision to accord substantial deference to the "conclusions" of both Dr. Moils and Dr. Arkin, without identifying those findings with specificity, constituted error. While the ALJ did not have to refer to every piece of evidence in the record, *Dyer*, 395 F.3d at 1211, the Court requires further detail due to the contradictory nature of Dr. Molis and Dr. Arkin's proposed standing and walking limitations and the ALJ's assignment of great weight to both. Simply put, absent clarification from the ALJ as to which portions of Dr. Molis and Dr. Arkin's respective reports the ALJ chose to credit and why, the Court is unable to "follow[, or even discern,] the [ALJ's] reasoning." *Hand*, 786 F. App'x at 224; *see also* 20 C.F.R. § 404.1527(f)(2).

This is especially true given that Dr. Molis' assessment the Plaintiff could only stand/walk for a total of two hours in an eight-hour workday was an "obviously probative exhibit," insofar as it contravenes the ALJ's RFC finding. *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). Absent clearly articulated grounds for rejecting that aspect of Dr. Molis' opinion, the Court cannot determine whether the

ALJ's findings at steps four and five are rational and supported by substantial evidence.[8]  *See id.*; *see also Simon v. Comm'r, Soc. Sec. Admin.*, No. 19-14682, __ F.4th __, 2021 WL 3556433, at *8 (11th Cir. Aug. 12, 2021) ("It is the responsibility of the agency, not the reviewing court, to supply the justification for its decision and to sufficiently explain 'the weight [it] has given to obviously probative exhibits.'") (quoting *Cowart*, 662 F.2d at 735).

The lack of clarity on this matter is particularly troubling given that the ALJ appears not to have sufficiently addressed potential issues with Dr. Arkin's opinion despite affording it "great weight." The Court's review of Dr. Arkin's stand/walk limitation suggests that it may not be based on "all the available evidence," as the ALJ believed it to be.  By way of example, Dr. Arkin stated in his RFC assessment form that the records he analyzed contained a medical source statement regarding the Plaintiff's physical capabilities (which is possibly a reference to Dr. Molis's report) but that such report did not significantly differ from his findings. (R. 1653).  It is difficult to see how this statement is accurate since Dr. Molis's greater limitations on the Plaintiff's ability to stand or walk directly conflict with those of Dr. Arkin.  The implication is that Dr. Arkin did not consider—or may not even have been aware of—Dr. Molis's elevated stand/walk restrictions.

---

[8] For this and other reasons, the Commissioner's reliance on the Eleventh Circuit's unpublished decision in *Newberry v. Comm'r of Soc. Sec.*, 572 F. App'x 671, 672 (11th Cir. 2014) (per curiam) is unavailing.

11

By way of another example, Dr. Arkin opined that "a recent physical exam on file [ ] is consistent with the exertion limitations above" (R. 1648), but he did not identify that physical exam or how it buttresses his opinion. Dr. Arkin similarly recounted that his proposed RFC determination is "consistent and persuasive with the objective medical evidence on file" (R. 1654), but the Court cannot ascertain from Dr. Arkin's report what medical evidence he reviewed.

Nor can the Court conclude from the record before it that the ALJ's failure to properly consider and explain his evaluation of Dr. Molis and Dr. Arkin's contradictory stand/walk limitations was immaterial. At the hearing, the ALJ posed two hypotheticals to the VE regarding the Plaintiff's impairments and subsequently relied on the VE's testimony in determining that the Plaintiff was not disabled. In the first of these hypotheticals, the ALJ inquired of the VE whether a person who was able to perform light work and could only stand or walk for approximately six hours in an eight-hour workday (among other limitations) would be capable of performing work. (R. 822–23). The VE confirmed that jobs were available for a person with those restrictions. *Id.*

In the second hypothetical, the ALJ asked whether a person with the same limitations identified in the first hypothetical but who instead was only able to perform sedentary work and, among other things, stand or walk for roughly two hours in an eight-hour workday would be able to secure employment. *Id.* The VE testified that no jobs would be available for such a person. (R. 824).

The VE did not attest to which part of the second hypothetical—the sedentary work restriction and/or a two hours stand/walk limitation—accounted for his opinion that no jobs were available. (Doc. 20 at 9). As a result, the Court is unable to determine whether the VE would have reached the same conclusion if the Plaintiff could stand or walk for approximately only two hours per workday, as opposed to approximately six hours per workday.

IV.

For the foregoing reasons, it is hereby ORDERED:

1.  The Commissioner's decision is reversed.

2.  The Clerk of Court is directed to enter Judgment in the Plaintiff's favor and to close the case.

3.  The Court reserves jurisdiction on the matter of attorneys' fees and costs pending a further motion pursuant to Local Rule 7.01.

SO ORDERED in Tampa, Florida, this 30th day of August 2021.

_____
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record